UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **Zimbabwe Mining Development Corporation**, *et al.*, <br><br> Appellants, <br><br> v. <br><br> **Amaplat Mauritius Ltd**, *et al.*, <br><br> Appellees. | Case No. 24-7030 |

## STATEMENT OF ISSUES TO BE RAISED

Pursuant to the Court's Order of March 11, 2024, Appellants, Zimbabwe Mining Development Corporation ("ZMDC"); Chief Mining Commissioner, Ministry of Mines of Zimbabwe (the "Commissioner"); and Republic of Zimbabwe ("Zimbabwe"), by and through their undersigned counsel, intend to raise the following issues in the appeal:

1. By ratifying the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), did Zimbabwe impliedly waive its sovereign immunity from lawsuits seeking to recognize judgments on arbitration awards?

2. Where plaintiffs have brought an action neither to enforce an agreement to arbitrate nor to confirm an award made pursuant to such agreement, can they still seek an implied waiver of sovereign immunity within the New York Convention?

3. When there is no waiver of sovereign immunity alleged besides the New York Convention, can a party avoid the three-year statute of limitations in 9 U.S.C. § 207 by seeking enforcement of a judgment, not confirmation or recognition of an arbitration award, especially when the New York Convention does not govern a foreign court judgment confirming an arbitral award?

4. Does the fraud or injustice prong in *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba (Bancec)*, 462 U.S. 611, 629 (1983) (hereafter "*Bancec*") require conduct directed towards the United States?

5. In a contract case where the contract was terminated, is the relevant time for applying the *Bancec* factors longer than the existence of the contractual relationship?

6. Did the District Court properly apply the *Bancec* factors?

7. Did the Memoranda of Understanding executed by ZMDC and Appellees constitute a special arrangement for service of process under 28 U.S.C. § 1608?

8. Did the District Court err in deciding the Commissioner is a political subdivision of Zimbabwe?

Dated: April 10, 2024

Respectfully submitted,

/s/     *Quinn Smith*
**GST LLP**
Quinn Smith
quinn.smith@gstllp.com
Katherine Sanoja
katherine.sanoja@gstllp.com
1111 Brickell Avenue
Suite 2715
Tel. (305) 856-7723

# CERTIFICATE OF SERVICE

    I hereby certify that on April 10, 2024, I electronically filed this document with the Clerk of the Court of the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record. I further certify that I am unaware of any parties who will not receive such notice.

                      By:   */s/ Quinn Smith*
                             Quinn Smith