Steven K. Davidson
202 429 8077
sdavidson@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com



September 4, 2024

**Via ECF**
The Honorable Mark Langer
Clerk, United States Court of Appeals
For the District of Columbia Circuit
333 Constitution Ave, N.W.
Washington, D.C. 20001

Re: *Amaplat Mauritius Ltd. v. Zimbabwe Mining Development Corp.*, No. 24-7030
Plaintiffs-Appellees' Notice of Supplemental Authority Under Fed. R. App. P. 28(j)

Dear Mr. Langer:

We respectfully submit as supplemental authority this Court's Opinion in *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, No. 23-7031 (D.C. Cir. Aug. 16, 2024). *NextEra* holds that the arbitration exception covers a non-Federal Arbitration Act cause of action to enforce an award, which supports Amari's and Amaplat's argument that an order extending comity to the arbitral seat's order enforcing award similarly falls within the exception. *See* Amaplat-Amari Br. at 44-47. Additionally, contrary to Zimbabwe's first-time citation upon reply of an amicus brief in *NextEra*, *see* Zimbabwe Reply Br. at 15-17, the *NextEra* court declined to reach the implied waiver exception.

In *NextEra*, Spain disputed jurisdiction under the FSIA's arbitration and implied waiver exceptions, 28 U.S.C. § 1605(a)(1), (6). Slip Op. at 18. Like Zimbabwe, Spain argued that this Court should split with the Second Circuit, other courts worldwide, and its own prior dicta and unpublished decisions, that parties to treaties requiring recognition of arbitration awards in all contracting parties foresee litigating about awards in any of those states and thus implicitly waive sovereign immunity. The Court declined to follow the U.S. amicus brief Zimbabwe cited on reply, finding it unnecessary to reach implied waiver because the arbitration exception applied. Slip Op. at 19-20. That is the same path Amari and Amaplat urge here.

As for the arbitration exception, *NextEra* shows how—contrary to Zimbabwe's arguments—it is not limited to actions under the FAA. NextEra sued under 22 U.S.C. § 1650a(a), which provides that "[t]he Federal Arbitration Act *** shall not apply to enforcement of awards rendered pursuant to the [ICSID] convention." The *NextEra* court stated that an action under this provision to "enforce[]" an ICSID award as a judgment was an action to "confirm" an award under 28 U.S.C. § 1605(a)(6), recognizing "enforce[]" and "confirm" as synonymous. Slip Op. at 15. Likewise, as Amari and Amaplat explained in their brief (at 44-47), recognizing the Zambian judgment registering the award is likewise a non-FAA action to turn an

award into a domestic judgment. The availability of the FAA's summary procedure does not limit the immunity exception.

Respectfully submitted,

/s/ *Steven K. Davidson*
Steven K. Davidson
*Counsel for Plaintiff-Appellee*

Enclosure

# CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the body of this letter contains 348 words, and thus complies with the 350-word limit of Fed. R. App. P. 28(j).

I certify that on September 4, 2024, I am filing the foregoing letter through this Court's CM/ECF system, which will electronically serve all counsel of record registered with the Court's CM/ECF system.

/s/ *Steven K. Davidson*
Steven K. Davidson